USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/05/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
  :
ORCHARD YARN AND THREAD COMPANY, INC., :
  :
                Plaintiff, : 17-CV-2477 (JMF)
  :
    -v- : MEMORANDUM OPINION
  : AND ORDER
RENE SCHAUB, :
  :
                Defendant. :
  :
-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In 2009, Plaintiff Orchard Yarn and Thread Company ("Orchard"), a New York company, entered into a licensing agreement (the "Agreement") with Defendant Rene Schaub, a California resident, relating to certain knitting and weaving hand loom products developed by Schaub. (Docket No. 29 ("Schaub Decl."), Ex. 2 ("2009 Agreement")). The parties operated under the Agreement (which was amended in 2010) without apparent incident until 2017, when Schaub accused Orchard of breaching the Agreement based on its sale of an allegedly competitive product. (Docket No. 21, Ex. F). The parties engaged in negotiations for a month but failed to reach agreement. (*Id.*). Thereafter, Orchard filed this suit seeking a declaratory judgment that it is not in breach of the Agreement. Schaub now moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Orchard's claims for lack of personal jurisdiction and for improper venue. For the reasons that follow, Schaub's motion is GRANTED, and the case is DISMISSED.

      A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *See, e.g.*, *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). Where, as here,

the parties have not engaged in discovery, a plaintiff seeking to defeat a motion to dismiss based on the lack of personal jurisdiction need only make a *prima facie* showing that jurisdiction exists. *See, e.g.*, *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84-85 (2d Cir. 2013) (per curiam). That requires "an averment of facts that, if credited[,] would suffice" to establish that jurisdiction exists. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam). A court must therefore view all facts in the light most favorable to the plaintiff. *See, e.g.*, *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011). The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits, which the district court may also consider. *See, e.g.*, *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727-28 (2d Cir. 2012). A court will not, however, "accept [a plaintiff's] conclusory allegations or draw argumentative inferences." *In re Terrorist Attacks on Sept. 11, 2001*, 392 F. Supp. 2d 539, 556 (S.D.N.Y. 2005) (internal citation and quotation marks omitted).

To establish personal jurisdiction in this case, Orchard relies solely on Section 302(a)(1) of New York's long-arm statute (*see* Docket No. 31 ("Pl.'s Opp'n"), at 10-13), which permits a court to exercise jurisdiction over a person or entity that "in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). "Transacting business" within the meaning of the long-arm statute "has been interpreted to require a certain quality, rather than a specific quantity, of contacts with New York." *Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 48 F. Supp. 3d 675, 684 (S.D.N.Y. 2014) (internal quotation marks omitted). "[T]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 673 F.3d 50, 61 (2d Cir. 2012) (internal quotation marks omitted).

2

In a contract action, to determine whether an out-of-state defendant "transacts business" in New York within the meaning of the long-arm statute, courts focus on the following factors:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). "Another important factor is whether the contract is to be performed in New York." *Ye Olde Time Keepers, Inc. v. C.R. Martin Auctioneers, Inc.*, No. 17-CV-04377 (ADS), 2018 WL 1832930, at *5 (E.D.N.Y. Apr. 17, 2018); *accord Navaera Scis., LLC v. Acuity Forensic Inc.*, 667 F. Supp. 2d 369, 375 (S.D.N.Y. 2009) (noting that whether an agreement is "performed outside of New York is of 'great[] significance'" (quoting *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 91 (2d Cir. 1975))). "While all of these factors are relevant, no one factor is dispositive and others may be considered." *Visual Footcare Techs., LLC v. CFS Allied Health Educ., LLC*, 13-CV-4588 (JSR), 2014 WL 772215, at *7 (S.D.N.Y. Feb. 21, 2014) (internal quotation marks omitted).

Applying the relevant standards here, the Court concludes that Orchard falls short of establishing that personal jurisdiction over Schaub is proper. First, there is no allegation that the contract was negotiated or executed by Schaub in New York or that she visited New York for the purpose of meeting with parties to the contract. Indeed, there is no allegation, in the Amended Complaint or otherwise, that Schaub has ever even set foot in New York. Compounding matters for Orchard, Schaub alleges that she has never visited the state and that she "discussed and negotiated the terms of [the] agreement on the telephone while [she] was in [California]." (Schaub Decl. ¶¶ 4, 12). And while Orchard contends that "where Schaub was physically

located when she negotiated the Licenses or if she has subsequently visited New York . . . is solely within the knowledge of Schaub" (Pl.'s Opp'n 11), that contention misses the point of the relevant enquiry. The relevant enquiry is whether Schaub visited New York "for the purpose of meeting with [Orchard]," *Sunward Elecs.*, 362 F.3d at 22 (internal quotation marks omitted) — not whether she ever visited New York generally — and Orchard would obviously have been privy to whether such a meeting occurred. And for what it is worth, Orchard does not even allege that its *own* employees were in New York when the Agreement was negotiated and executed.[1]

Second, and even more significant, Orchard does not allege that it has ever marketed or sold Schaub's products in New York. To be sure, Orchard does allege in its Amended Complaint — in conclusory fashion — that Schaub "transact[ed] business in New York and contract[ed] to supply goods and/or services in New York." (Docket No. 21, ¶ 19). But that allegation, which goes undiscussed in Orchard's opposition papers, appears to be based on nothing more than the Agreement itself, which contains a provision granting Orchard "the exclusive rights for the production and sale of the Property in the U.S. and worldwide." (*See* 2009 Agreement, ¶ 1; Docket No. 29, Ex. 3, ¶ 1). Without more — and, once again, if there were more, Orchard would have been privy to it — the mere fact of such an expansive grant does not establish that Schaub projected herself or her products into the New York market. *Cf. Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 770 (2d Cir. 2014) (finding

---

[1] Taking a different tack, Orchard asserts that Schaub had no need to visit New York because Orchard acted as her "agent of sorts" in New York. (Pl.'s Opp'n 12). An "agent of sorts" is a species of relationship unknown to the law — and is certainly inapposite here, as the Agreement expressly makes Orchard Schaub's licensee, not her agent. (2009 Agreement ¶ 1). In contrast to *Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 30 (2d Cir. 1996), upon which Orchard relies (Pl.'s Opp'n 12), there is no allegation or evidence here that Schaub engaged Orchard to conduct business on her behalf in New York.

that the district court correctly held the first Section 302 factor to "weigh[] only weakly toward finding personal jurisdiction over [defendant]" because the relationship between defendant and plaintiff concerned plaintiff's distribution of defendant's product "in a foreign market rather than distribution of those products in New York").

In arguing that personal jurisdiction is proper, Orchard emphasizes the fact that it is a New York company and that the Agreement contains a New York choice-of-law provision. (Pl.'s Opp'n 11, 13 (citing *Flame-Spray Indus. Inc. v. GTV Auto. GmbH*, 266 F. Supp. 3d 608, 618 (E.D.N.Y. 2017))). But "the mere fact that an out-of-state defendant enters into a contract with a [New York] company . . . does not establish the requisite minimum contacts unless that contract projects the defendant into the New York market." *Navaera Scis.*, 667 F. Supp. 2d at 375 (internal quotation marks and brackets omitted). So too, the choice-of-law clause alone "is insufficient to confer personal jurisdiction over a non-domiciliary." *Id.* at 375. That is, where other factors point against jurisdiction, as they do here, "the choice of law clause simply does [not] carry enough weight for plaintiff to meet its burden." *Premier Lending Servs., Inc. v. J.L.J. Assocs.*, 924 F. Supp. 13, 17 (S.D.N.Y. 1996). Finally, Orchard cites the Agreement's "notice" provision, which calls for notices to be addressed to its New York address. (Pl.'s Opp'n 12 (citing 2009 Agreement ¶ 8)). As Judge Kaplan has explained, however, "the justification for considering such notices as a distinct factor in the jurisdictional analysis is tenuous" because the fact that "a contract between an out-of-state party and a New York entity requires that notification be sent to New York is merely a function of that party's contracting with a New York entity, the first factor in our Circuit's analysis." *Navaera Scis.*, 667 F. Supp. 2d at 376; *see also Bracken v. MH Pillars Inc.*, No. 15-CV-7302 (RA), 2016 WL 7496735, at *4 (S.D.N.Y. Dec. 29, 2016) (dismissing for lack of personal jurisdiction despite an agreement providing that

"notices, demands and other communications" were to be sent to a New York address (internal quotation marks omitted)). In any event, Orchard does not allege that Schaub actually sent pre-suit notices to New York — an omission that is all the more notable because Schaub avers that she received payments from New Jersey, not New York, and that "all meaningful contact between [her] and Orchard has been with its New Jersey office." (Docket No. 28, at 4-5).[2]

A comparison of the facts here with the facts in *Navaera Sciences*, in which Judge Kaplan found personal jurisdiction lacking, is instructive. Like this case, *Navaera Sciences* involved a contract dispute between a New York plaintiff and a foreign defendant. Prior to entering a contract, however, the defendant's principal, sole employee, and sole shareholder attended a meeting at the plaintiff's New York office. *See* 667 F. Supp. 2d at 371. Moreover, the agreement provided that it was to be interpreted and enforced in accordance with the laws of New York; the defendant was bound by the agreement to send notices to the plaintiff's New York office; and the defendant and its principal "made telephone calls to [the plaintiff's] employees and sent emails, faxes, and documents by mail to [the plaintiff's] New York office." *Id.* at 372. Finally, the defendant's principal terminated the agreement "by sending notice to [the

---

[2] In a supplemental letter to the Court, Orchard claims that Schaub recently suggested that she had in fact sent correspondence to Orchard's New York address. (Docket No. 33, at 1). Although Orchard (curiously) provides no details about that correspondence, Schaub explains that Orchard refers to an April 8, 2017 letter from her to Orchard's Chief Executive Officer, in which she notified the CEO that Orchard had materially breached the Agreement. (Docket No. 35, at 1). That letter is irrelevant to the jurisdictional analysis, however, because it was sent two days *after* Orchard filed this lawsuit. *See DH Servs., LLC v. Positive Impact, Inc.*, No. 12-CV-6153 (RA), 2014 WL 496875, at *14 (S.D.N.Y. Feb. 5, 2014) ("Plaintiff has not cited any case in which a court exercised personal jurisdiction over a defendant based on events that occurred between the filing of an initial and amended complaint. Instead, in the relatively sparse case law to address the issue, courts have reached the opposite conclusion." (collecting cases)). If anything, Orchard's letter is an implicit concession that Schaub did not mail any notices to New York prior to filing suit.

6

plaintiff] in New York." *Id.* Despite all of those contacts, Judge Kaplan held that the Court lacked personal jurisdiction over the defendant. "With the exception of the parties' initial . . . meeting in New York," he reasoned, the defendant "negotiated, executed, and performed the agreement [out of New York]. That single meeting and the contractual choice-of-law and notification provisions are sufficient to subject [the defendant] to personal jurisdiction in New York because [the defendant] did not project itself into the New York market or purposefully avail itself of the privilege of doing business in New York." *Id.* at 377.

The same is true of Schaub here. Although Schaub had a long-term business relationship with a New York company and some provisions in the parties' contract connected her to New York, she cannot fairly be said to have "projected [herself] into New York to engage in a sustained and substantial transaction of business." *Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP,* 14-CV-9839 (JMF), 2015 WL 5751252, at *4 (S.D.N.Y. Sept. 30, 2015) (internal quotation marks and brackets omitted). Accordingly, Schaub's motion must be and is GRANTED, and Orchard's Amended Complaint is DISMISSED.[3]

The Clerk of Court is directed to terminate Docket No. 27 and close the case.

SO ORDERED.

Dated: June 5, 2018
      New York, New York

                                          JESSE M. FURMAN
                                          United States District Judge

---

[3] In light of that conclusion, the Court need not and does not reach Schaub's alternative arguments: that exercising personal jurisdiction would violate due process, that venue in this District is improper, and that venue should be transferred to the Eastern District of California.